# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRED D. MCCLURE,

       Petitioner,

                             CASE NOS.   05-CV-72932

v.                                       03-CR-80076

UNITED STATES OF AMERICA,         HONORABLE ARTHUR J. TARNOW
                                                UNITED STATES DISTRICT JUDGE

       Respondent.

_____/

## ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE [22]

Before the Court is Petitioner's Motion to Vacate [22], pursuant to 28 U.S.C. § 2255. Having reviewed the record, briefs, and applicable law, the Court **DENIES** Petitioner's Motion.

### I. BACKGROUND

On April 17, 2003, Fred McClure pled guilty pursuant to Rule 11 to one count of transportation of child pornography and one count of transportation of obscene matter in violation of 18 U.S.C. § 2252(a)(1) and 18 U.S.C. §1462(a), respectively. After the parties agreed to a maximum sentence of 63 months, this Court sentenced Mr. McClure to 51 months on July 22, 2003. On July 27, 2005, Petitioner filed his 28 U.S.C. § 2255 Motion to Vacate asking this Court to reverse and remand his case for re-sentencing.

### II. STANDARD OF REVIEW

Historically, the purpose of *habeas corpus* has been "to afford relief to those whom society has 'grievously wronged.'" *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993). To prevail under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which "had substantial and injurious effect or influence on the proceedings." *Id.* Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

### III. ANALYSIS

*McClure v. United States*, 03-80076/ 05-72932

Petitioner's Motion to Vacate asserts four grounds for setting aside his conviction/sentence, each of which relates to the Supreme Court opinion *United States v. Booker*, 125 S.Ct. 748 (2005). Petitioner relies on the ruling in *Booker* as the direct basis for two of his four grounds for his motion to vacate. Petitioner's third ground claims that the *Booker* decision is a signal to the lower courts that the Sentencing Reform Act's Provisions § 3553(b)(1) and § 3742(e) violate the separation of powers doctrine. Finally, Petitioner asserts that his guilty plea was neither knowing nor voluntary because the trial judge misinformed Petitioner as to the law, in light of *Booker*.

**A.   Unconstitutional Sentence Because of *Booker* Error**

Two of McClure's grounds for relief rely directly upon United States Supreme Court decision *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker,* the Supreme Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.

The Sixth Circuit recently held:

> that *Booker* established a new rule of criminal procedure and therefore did not apply retroactively to cases already final on direct review (i.e., those cases in which a decision has been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired) at the time it was rendered. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005), *petition for cert. filed* (May 17, 2005) (No. 05-5130).

*United States v. Saikaly,* 424 F.3d 514 (6th Cir. 2005).[1]  As a result, Petitioner cannot raise any

---

[1] Every other court of appeals that has addressed this issue has reached the same conclusion. See also *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (*per curiam*); *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005), *petition for cert. filed* (Aug. 5, 2005) (No. 05-5769); *Guzman v. United States*, 404 F.3d 139, 141 (2d Cir. 2005), *petition for cert. filed* (July 5, 2005) (No. 05-5187); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*), *petition for cert. filed* (June 30, 2005) (No. 05-6041); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 162 L. Ed. 2d 285, 125 S. Ct. 2559 (2005).

*McClure v. United States*, 03-80076/ 05-72932

*Booker*-based claims in his § 2255 action.

**B.   Provisions § 3553(b)(1) & 3742(e) of the Sentencing Reform Act Violate the Separation of Powers Doctrine**

Petitioner's third ground for relief requests this Court:

to hold that §§ 3553(b)(1),  3742(e) violated the separation of powers doctrine because it furnished the prosecutor with **sole** discretion to select, **without true standards**, and **without being subject** to the Court's review is a clear encroachment of the ultimate authority in the judiciary.

Petitioner's §2255 Motion at 16 (*emphasis in original*).  Petitioner argues that the ruling in *Booker* directs just such an inquiry.  "The invalidated unconstitutional criminal statutes validates the question of whether Congress crossed the Constitutional line to *interfere* with and/or deprive Article III Courts of their judicial functions and/or adjudicatory role." Petitioner's § 2255 Motion at 18.

The Supreme Court in *Mistretta v. US*, 488 U.S. 361 (1988), found that the powers given to the Sentencing Commission was a constitutional delegation of power and not violative of the separation of powers doctrine. The fact that the Supreme Court invalidated these particular parts of the sentencing act under the Fifth and Sixth Amendments does not relate to whether Courts can be constitutionally divested of discretionary sentencing under the separation of powers doctrine.  The *Mistretta* Court ruled that"the scope of judicial discretion with respect to a sentence is subject to congressional control." 488 U.S. at 364. Accordingly, Petitioner's argument fails.

**C. Petitioner's Plea Was Neither Knowingly Nor Voluntarily Made**

McClure argues that his plea was neither knowing nor voluntary because "[i]n light of *Booker*.... the Petitioner in his plea colloquy was mis-informed by the trial judge in that he would enter into an admission of all the elements of his formal criminal charge and sentencing range." Petitioner's § 2255 Motion at 19.

*McClure v. United States*, 03-80076/ 05-72932

The Sixth Circuit recently addressed whether law changes after a plea affect its voluntary and knowing requirements:

> [T]he Court has explained that where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature. A valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance. "Absent misrepresentation or other impermissible conduct by state agents, . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."

*United States v. Bradley*, 400 F.3d 459, 463-4 (6th Cir. March 10, 2005) *citing Brady v. United States*, 397 U.S. 742, 757, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970) (holding that a defendant could not claim his plea was involuntary by relying on a Supreme Court decision that declared unconstitutional a provision relevant to his criminal sentence). Accordingly, McClure's argument fails.

### IV. CONCLUSION

Petitioner has not demonstrated any "fundamental defect which inherently result[ed] in a complete miscarriage of justice." *Davis,* 417 U.S. at 346. Thus, his Motion to Vacate [22] is **DENIED**

**IT IS SO ORDERED.**


        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: November 9, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of

*McClure v. United States*, 03-80076/ 05-72932

record on November 9, 2005, by electronic and/or ordinary mail.

        s/Theresa E. Taylor
        Case Manager