UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED D. MCCLURE,

       Petitioner,

v.

                                 Case Nos.    03-CR-80076
                                                      05-CV-72932

UNITED STATES OF AMERICA,           HONORABLE ARTHUR J. TARNOW
                                                     UNITED STATES DISTRICT JUDGE

       Respondent.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [# 24]

On April 17, 2003, Fred McClure pled guilty to one count of transportation of child pornography and one count of transportation of obscene matter in violation of 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 1462(a), respectively. After the parties agreed to a maximum sentence of sixty-three (63) months, this Court sentenced Mr. McClure to fifty-one (51) months in July of 2003.

In July 2005, Petitioner filed a Motion to Vacate the Sentence under 28 U.S.C. § 2255 asking the Court to reverse and remand his case for re-sentencing. Petitioner asserted four grounds for setting aside his conviction/sentence, all of which related to the Supreme Court's opinion in *United States v. Booker*, 125 S. Ct. 748 (2005).

The Court issued an order denying Petitioner's Motion to Vacate, which was docketed on November 30. The Court's order found that circuit case law was clear that Petitioner could not raise any *Booker*-based claims in his § 2255 action. *See United States v. Saikaly*, 424 F.3d 514 (6th Cir. 2005). The Court also found that certain provisions of the Sentencing Reform Act did not violate the separation of powers doctrine, in accordance with *Mistretta v. U.S.*, 488 U.S. 361 (1988). Petitioner's final argument that his plea was neither knowing nor voluntary in light of *Booker* was also found to have lacked merit, since Sixth Circuit case law is clear that changes in

*McClure v. U.S.*, 03-80076 05-72932

the law that occur after a defendant's plea do not affect whether a plea was knowing and voluntary. *United States v. Bradley*, 400 F.3d 459, 463-4 (6th Cir. 2005).

     Petitioner has filed a motion for reconsideration pursuant to L.R. 7.1(g) (E.D. Mich.), rehashing arguments presented in his original § 2255 Motion. This Court finds that Petitioner's recycled claims have no merit for the reasons stated in the November 30, 2005 Order. Petitioner also contends that since he is actually innocent, the Courts adherence to case law would result in a "grave Miscarriage of Justice" in violation of *Dretke v. Haley*, 124 S. Ct. 1847 (2004). This Court need not address Petitioner's concerns regarding actual innocence, similar to his original motion to vacate he has presented no evidence to suggest that Petitioner is actually innocent. Plaintiff's Motion for Reconsideration [# 24] is **DENIED.**

     **IT IS SO ORDERED.**


                                            s/Arthur J. Tarnow
                                            **Arthur J. Tarnow**
                                            **United States District Judge**